EDWARD TURNER *v.* THE STATE OF MISSISSIPPI.

[42 South. Rep., 165.]

CRIMINAL LAW. *Homicide. New trial. Newly discovered evidence.*

> Where the accused had been convicted of murder on the testimony of a witness as to the alleged dying declarations of the decedent, it was reversible error to overrule a motion for a new trial predicated of newly discovered evidence, if it is made to appear, in the proper manner, that a creditable person would contradict the state's witness on every material point.

FROM the circuit court of Sunflower county.

HON. A. McC. KIMBROUGH, Judge.

The appellant, Turner, a negro, was indicted and tried for and convicted of the murder of his mother, Amanda Turner; was sentenced to suffer death, and from the conviction and sentence appealed to the supreme court.

The conviction rested upon the testimony of a state's witness, Polly Howard, colored, as to an alleged dying declaration of the decedent, supported by incriminating circumstances detailed by other witnesses for the state. Polly Howard testified that she was with decedent when the dying declaration was made; that the declarant, at the time was unable to hold up her head; blood was running from her nostrils, her teeth were knocked out, her eyes mashed in, and her breast bone was broken; that declarant stated, having knowledge of impending death before her, that her son, the appellant, had, without provocation, beat declarant with a glass bottle, thereby inflicting the injuries from which she was suffering.

The state further showed by the testimony of a deputy sheriff who saw the decedent shortly before she made the dying declaration, that her head was beaten in, her mouth bleeding, and she could hardly speak. The statement made by the dying

woman, as detailed by the witness, Polly Howard, was, in the trial court, admitted in evidence, as her dying declaration over the objection of the appellant.

No evidence was offered by appellant. After conviction counsel for appellant made a motion for a new trial on the ground of newly discovered evidence. The affidavit accompanying the motion was to the effect that Amanda Turner, the decedent, in company with another woman, had been sent to affiant, a physician, by the sheriff, affiant being the health officer of the county, for medical treatment; that, being informed by the woman who accompanied decedent, that Amanda's son had rammed a bottle into her mouth and throat, he made a close physical examination of Amanda, but discovered no marks, cuts or bruises in her mouth, or throat, there being only a few small ulcers in her mouth, which might have been caused by a disordered stomach; that in order to reach affiant's office, situated on the second floor of a building in Indianola, Amanda Turner walked up the steps, and after being examined walked down the steps and away from the building; that affiant saw Amanda's body shortly after her death, but was unable to state the cause of death. In addition to the affidavit of the physician an affidavit of appellant was presented, averring that, by reason of his imprisonment before trial, he had been unable to learn the facts stated in the physician's affidavit, although his counsel appointed to defend him by the court, had used due diligence in preparation for trial. Counsel for appellant made affidavit to the same effect. The motion for new trial was overruled.

*F. E. Everett,* for appellant.

Even if it be that the alleged dying declaration of the deceased, Amanda Turner, was competent, which we deny, this case should be reversed. The conviction rested upon the testimony of the state's witness, Polly Howard, as to the dying declaration. Dr. Alexander's testimony, if appellant had been

granted a new trial on the ground of newly-discovered evidence, would have contradicted, most completely and positively, the testimony of this state's witness on every material point. As the showing made by appellant on his motion for a new trial complied with the law, the court's action in overruling appellant's motion was reversible error.

*R. V. Fletcher,* assistant-attorney general, for appellee.

The dying declaration was competent, for the declarant was shown to have been in her right mind, and under a sense of impending death, when it was made. *Dillard* v. *State,* 53 Miss., 368; *Pryor* v. *State,* 39 South. Rep., 1012.

As regards the contention of counsel for appellant that a new trial should have been granted by the lower court because of the newly-discovered evidence, we submit that unless it is apparent that such evidence would produce a different result from that reached by the jury, the court's action was correct. It is always a delicate exercise of prerogative to interfere with the discretion wisely lodged in the trial court.

WHITFIELD, C. J., delivered the opinion of the court.

The conviction rests upon the testimony of Polly Howard as to the alleged dying declaration of the deceased. Dr. Alexander's testimony, set out as newly discovered evidence in the motion for a new trial, completely and positively contradicts Polly Howard's testimony on every material point. The showing required by the law in regard to newly discovered evidence, so far as the affidavits of the counsel and the prisoner were concerned, was fully complied with. In this condition of the record, a new trial should have been granted.

*Reversed and remanded.*